UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FIELDTURF ARTIFICIAL TURF
MARKETING AND SALES PRACTICES
LITIGATION                                                                                                  MDL No. 2779


**TRANSFER ORDER**


     **Before the Panel:**[*]  Common FieldTurf defendants[1] move to centralize five actions in the District of New Jersey.  Two actions are pending in the District of New Jersey, with one action each in the Central District of California, the Eastern District of California, and the District of Minnesota, as listed on the attached Schedule A.  The Panel has been informed of nine additional federal actions involving related issues.[2]

     With the exception of plaintiffs in the District of New Jersey *Borough of Carteret* action, all responding plaintiffs support centralization, but differ somewhat as to an appropriate transferee district.  Plaintiff in the District of New Jersey *Gentile* constituent action argues for the District of New Jersey, as does plaintiff in the District of New Jersey *County of Hudson* tag-along action. Plaintiffs in the Central District of California *Santa Ynez* and Eastern District of California *Lake Tahoe* constituent actions support the Central District of California, as do plaintiffs in four tag-along actions.[3]  Plaintiff in the District of Minnesota *The Paw* constituent action favors the District of Minnesota.  Plaintiff in the Southern District of Texas *Brownsville* action argues for the Southern District of Texas.

     On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of these cases will serve the convenience

---

    [*]  Judge Lewis A. Kaplan took no part in the decision of this matter.

    [1]  FieldTurf USA Inc., FieldTurf, Inc., Tarkett, Inc., and FieldTurf Tarkett SAS (collectively FieldTurf).

    [2]  These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.  FieldTurf requests that two of the nine actions, Central District of California *Chaffey* and Western District of Wisconsin *Middleton-Cross*, not be included in the proposed MDL.  We do not reach this issue, as it will be addressed through our conditional transfer order process.

    [3]  The four tag-along actions are pending in the Central District of California (*Chaffey*), the Northern District of California (*Pajaro*), the Western District of North Carolina (*Cherokee*), and the Western District of Pennsylvania (*Neshannock*).

-2-

of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share factual questions arising from allegations that between 2005 to at least 2012, FieldTurf sold defective artificial turf to both public and private customers throughout the United States, and that FieldTurf knew the turf was defective, but nevertheless misrepresented it as superior to and more durable than its competitors' turf products. The actions thus implicate common issues concerning the development, manufacture, testing, and marketing of the defendants' turf, as well as FieldTurf's knowledge of the alleged defects. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* issues, class certification, and other pretrial matters, and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, the *Borough of Carteret* plaintiffs principally argue that informal coordination and cooperative efforts by the involved counsel and courts are practicable, and preferable to the creation of an MDL. We are not convinced by this argument. Since the filing of the Section 1407 motion, seven tag-along actions have been commenced. Counting these actions, related actions now are pending in nine districts. The allegedly defective turf reportedly was installed at over 1,400 locations, and thus the filing of additional tag-alongs appears likely. In these circumstances, we conclude that formal centralization under Section 1407 is the better course.

We select the District of New Jersey as transferee district for this litigation. Five actions already are pending in New Jersey, and the district enjoys the support of not only FieldTurf but also some plaintiffs. The district is a relatively convenient venue for most parties.[4] Further, centralization in the District of New Jersey enables us to assign the litigation to Judge Michael A. Shipp, an able and experienced jurist who has not had the opportunity to preside over an MDL. We are confident that the judge will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey, and, with the consent of that court, assigned to the Honorable Michael A. Shipp for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell         Charles R. Breyer
Ellen Segal Huvelle         R. David Proctor
Catherine D. Perry

---

[4] Most plaintiffs who support the Central District of California are represented by a law firm with offices in Washington, D.C., North Carolina, Tennessee, and Kentucky.

**IN RE: FIELDTURF ARTIFICIAL TURF**
**MARKETING AND SALES PRACTICES**
**LITIGATION**                                                                 MDL No. 2779

## SCHEDULE A

       Central District of California

SANTA YNEZ VALLEY UNION HIGH SCHOOL DISTRICT v.
    FIELDTURF, USA, INC., ET AL., C.A. No. 2:17-01214

       Eastern District of California

LAKE TAHOE UNIFIED SCHOOL DISTRICT v. FIELDTURF USA, INC., ET AL.,
    C.A. No. 2:17-00405

       District of Minnesota

THE PAW, INC. v. FIELDTURF USA, INC., ET AL., C.A. No. 0:17-00274

       District of New Jersey

BOROUGH OF CARTERET, ET AL. v. FIELDTURF USA, INC., ET AL.,
    C.A. No. 2:16-09252
GENTILE v. FIELDTURF USA, INC., ET AL., C.A. No. 2:17-00173